IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Annisa Rector and Douglas Rector, )
Next Friends for C.R., )
                       Plaintiffs, )
vs. )No.  15-0574-CV-FJG
                       )
G.D. Searle, L.L.C., et al., )
                       Defendants. )

**ORDER**

Pending before the Court are (1) Plaintiffs' Motion to Remand (Doc. No. 8); (2) Defendant New Liberty Hospital Corporation's Motion to Dismiss (Doc. No. 17); Plaintiffs' Motion for Leave to File Amended Complaint (Doc. No. 23); and (4) Defendant New Liberty Hospital Corporation's Motion for Extension of Time (Doc. No. 24). These motions are considered, below.

**I.    Background**

Plaintiffs filed this medical negligence and product liability action in the Circuit Court of Clay County Missouri on January 8, 2015. On May 13, 2015, plaintiffs filed their Second Amended Petition, naming Defendants Robin L. Morris, MD, Allison Lundgren, RN, The Liberty Clinic, PC, and G.D. Searle, LLC. Plaintiffs are the natural parents of C.R., who was born on March 23, 2004. Plaintiffs allege generally that C.R. suffered injuries at birth, caused by the use of a drug manufactured by defendant G.D. Searle and/or by the medical negligence of defendants Morris and Lundgren. Plaintiffs also seek to hold The Liberty Clinic vicariously liable for Morris and Lundgren's actions. Plaintiffs, as well as defendants Morris and Lundgren, are Missouri residents. Plaintiffs

assert that The Liberty Clinic, PC is a Missouri corporation; however, defendants argue that The Liberty Clinic, PC is a dissolved corporation under Missouri law.

On July 29, 2015, the state court dismissed defendants Morris and Lundgren without prejudice, as plaintiffs had not filed healthcare affidavits pursuant to Missouri law. See R.S.Mo. § 538.225. At the time of this dismissal, plaintiffs had not served defendant The Liberty Clinic, PC. On July 31, 2015, just two days later and before plaintiffs could obtain leave of court to rejoin Morris and Lundgren as defendants, defendant G.D. Searle, LLC filed a Notice of Removal (Doc. No. 1), asserting that the served Missouri defendants had been dismissed, and the unserved defendant's citizenship should not be considered, therefore creating complete diversity.

On August 4, 2015, plaintiffs filed a motion to remand, noting that federal courts in the Western District of Missouri have rejected such gamesmanship. Plaintiffs indicate they intend to pursue their case against all the Missouri defendants, and this Court should follow the long-held rule that any doubts be construed in favor of remand. In response, defendant Searle indicates that The Liberty Clinic, PC, converted into The Liberty Clinic, Inc. in 2008, and then dissolved in 2010, and Searle argues that plaintiffs did not file their claims against Liberty Clinic within two years of the publication of corporate dissolution. Defendant Searle also argues that if any doubt remains as to whether the claims against The Liberty Clinic are viable, the Court should sever the claims against The Liberty Clinic under Federal Rule of Civil Procedure 21, and retain the case against Searle in federal court.[1]

---

[1] The Court notes that this argument is particularly unavailing; if The Liberty Clinic is a viable party, removal jurisdiction would not have existed in the first place and the Court would have no choice but to remand.

On September 30, 2015, New Liberty Hospital Corporation, d/b/a The Liberty Clinic, filed a motion to dismiss (Doc. No. 17), indicating similarly to defendant Searle that The Liberty Clinic PC is a dissolved corporation, and therefore lacks the capacity to be sued. In their suggestions in opposition, plaintiffs note, among other things, that they contemporaneously have filed a motion for leave to amend their complaint, adding Morris and Lundgren back as defendants.

On October 19, 2015, plaintiffs filed their motion for leave to file an amended complaint (Doc. No. 23), seeking leave to rejoin Robin Morris, MD and Allison Lundgren, RN as defendants in this matter pursuant to Fed. R. Civ. P. 15(a)(2) and Rule 19, arguing that these two defendants are necessary parties under Rule 19. Although suggestions in opposition to this motion were due on or before November 5, 2015, no defendants have filed timely opposition to the motion for leave to file an amended complaint.

## II.  Standard of Review

Pursuant to Fed. R. Civ. P. 15(a)(2), "leave [to amend] shall be freely given when justice so requires." Under Rule 19(a)(1)(B), a party is necessary if it claims an interest in the subject of the action and the disposition of the action in that person's absence could "(i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  If a non-diverse party in a removed action must be joined pursuant to Rule 19, the Court has discretion to permit joinder, followed by remand to the state court.  Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir.2009).

## III.  Motion for Leave to Amend

Upon reviewing plaintiffs' proposed amended complaint, the Court finds that leave to amend ought to be granted. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The prior dismissal of defendants Morris and Lundgren was to due failure to file a healthcare affidavit under Missouri law. Such a failure can be cured, and since the dismissals were without prejudice, the Court finds that leave to amend must be granted. The Court also finds that the absence of Morris and Lundgren, who allegedly committed medical negligence or malpractice, could lead to inconsistent results, such that Morris and Lundgren are necessary parties under Rule 19.

Finally, under Bailey, courts apply a three-part balancing test in determining whether to allow joinder when such joinder would defeat diversity jurisdiction: The court is to consider (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. Bailey, 563 F.3d at 309 (quoting Le Duc v. Bujake, 777 F.Supp. 10, 12 (E.D.Mo.1991)). Under all three of these factors, the Court finds in plaintiffs' favor. The nondiverse parties were part of the case in state court, until they were dismissed without prejudice and this case removed just two days later. The plaintiff has not been dilatory in asking for amendment; the request comes only a few months after removal of this action, and plaintiff indicated an intent to add Morris and Lundgren back as defendants as early as August. The Court further finds that plaintiff would be significantly injured if this amendment is not allowed.

Therefore, for the foregoing reasons, the Court finds that the relevant factors weigh in favor of granting leave to add the nondiverse parties. <u>Bailey v. Bayer CropScience L.P.</u>, 563 F.3d 302, 308–09 (8th Cir.2009). Plaintiffs' motion for leave to amend (Doc. No. 23), is therefore **GRANTED**.

## IV. Conclusion

For all the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint (Doc. No. 23) is **GRANTED**, and the Court directs the Clerk's Office to file the proposed amended complaint (Doc. No. 23-1) as of the date of this Order. As diversity jurisdiction is no longer present, moreover, the Court will **GRANT** plaintiffs' motion to remand (Doc. No. 8), and this matter is remanded to the Circuit Court of Clay County, Missouri. All other pending motions are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.
United States District Judge

Dated: November 16, 2015
Kansas City, Missouri